Cunningham, Presiding Judge.
Babcock, tbe appellant, was elected treasurer of tbe city of Bocky Ford, by tbe council of tbat city, and assumed tbe duties of bis office on August 6, 1907. On August 15,1908, be resigned from tbe office of city treasurer, and bis successor was cbosen. After bis resignation, be failed to deliver to bis successor money belonging to tbe city wbicb bad come into bis, Babcock’s, bands, to tbe amount of $3,769.09, as contended by' plaintiff; and as admitted by defendant, be failed to tnrn over money that bad come into bis bands as treasurer, belonging to tbe city, to tbe amount of $3,185.14. Tbe difference between tbe amount alleged to have come into Babcock’s bands, and tbe amount admitted by him to have come into bis bands, grows out of a transaction whereby tbe *314 city clerk gave to Babcock Ms check for $583.95, which the city contends Babcock, ought to have promptly presented to the bank on which it was drawn, but which he did not present, and within a day or two after the city clerk had delivered this check to Babcock the bank failed. The check in question was dated December 30, 1907, and was drawn upon the State Bank of Rocky Ford; it represented money which the city clerk bad collected, and in this manner attempted to. turn over to Babcock a¡3 treasurer. Babcock insists that the check was not delivered to him until.the morning of December 31st, while the city clerk testified unequivocally that he delivered the check to Babcock in the afternoon of December 30th, the date it was drawn. The importance of the date of the delivery of the check grows out of the fact that the bank, remained open and continued to receive deposits and transact business in the usual way throughout the entire day of December 31st. The following day, January 1st, was a holiday, ánd on January 2nd the bank failed to open, and went into the hands of a receiver. It is contended on behalf of appellants that Babcock, under the ordinary commercial rules and the authorities pertaining thereto, had all of the day following the'day on which'he received the check in which to present the same for payment, and therefore,, if he received the check "on the 31st, he ought not to be held responsible for his failure to present it. ■
■ 1. There is no hard and fast rule on this subject'. As is well said in a recent opinion of the supreme court of ‘West Virginia: *315 —Lewis Co. v. Montgomery Co., 59 W. Va., 75, 52 S. E., 1077, 4 L. R. A. (N. S.), 135.
*314 “Presentation of the check for payment in the bank' on which it is drawn must be' made within a reasonable time, and what is a reasonable time depends- upon the situation of the parties with reference to one another, and with reference to the bank, and all other material facts and circumstances entering into- the transaction.”
*315 The facts in the case before ns, as disclosed by the record, are: that Babcock, payee of the check and city treasurer, was an employe of the State Bank of Rocky Ford, on which it was drawn, and, according to his statement, the check was delivered to him in the forenoon of December 31st, while he was in the bank, back of the counter, presumably discharging his duties as assistant cashier. The bank was in a-failing condition, and Babcock admits, on cross-examination, that he knew the bank was “having a hard time,” and his only excuse for not promptly presenting the check for payment was, to use his own language: “Because I did not have time. I was working for the State Bank of Rocky Ford.” He seems to have regarded his duty to the bank as paramount to his duty to the public. This contention cannot be allowed. Under the circumstances just related, and in view of the fact that the following day-was a holiday, Babcock was derelict in his duty in not presenting the check on the day he received it, if he received it, as he says, in the morning of December 31st.
The case was tried to the court without a jury. The findings were general, and in favor of the city. It may well be assumed that the trial court found from the evidence that the check was delivered to Babcock on December 30th, as testified by the city clerk, and if the trial court did so find, the evidence to support such.finding is ample. Our conclusion, therefore, is, that as to the liability of Babcock, no distinction can be drawn between the money represented by the check which Babcock ought to have presented and collected, and the balance of the money which, had been on deposit in the bank for some time prior to its failure.
■ 2. Babcock seeks to escape liability for his failure to turn over to his successor any of the money, on the *316 theory that he is relieved from' this obligation by the failure of the bank. His contention ■ in this behalf is contrary to the ruling in Gartley v. People, 24 Colo., 155, 49 Pac., 272, and re-affirmed by unanimous court in Gartley v. People, 28 Colo., 227, 64 Pac., 208. ' The liability of public officials for public money coming into their hands, and lost by bank failures, is very ably discussed by Chief Justice Hayt and Justice Goddard in a dissenting opinion in the first Gartley case, and we shall make no attempt to review the authorities which are there so ably analyzed. It may not be amiss, however, to call attention to the fact that in the second Gartley case, Mr. Justice Gabbert used this language:
“The first decision was announced in this case in 1897. In 1893 this court, in McClure v. La Plata County, 19 Colo., 122, held that the liability of county treasurers for public funds collected was express and extraordinary. In the face of these decisions, the law-making power has not indicated by any act that the liability of a receiver of ' public money should not be as great as this court has declared. If the liability thus imposed is too onerous, relief must come from the legislature. Courts can only declare the law as it now stands.”
The second Gartley case was decided in January, 1901, and the legislature has not yet seen fit, by any enactment, to' relieve public officials from the express and extraordinary liability fixed upon them by the decisions of the supreme court of our state. Moreover, even under the dissenting opinion of Judge Goddard in the first Gartley case (p. 174) it is only contended that a public official should be relieved from liability: ¡
“Where he exercises the strictest care in selecting a bank of unquestioned solvency in which to deposit the public money, and being guilty of no fault in leaving it there, and the money is lost through unexpected failure of the depositary.”
*317 There is no comfort for the appellants in the case before us in the rule which Judge Goddard contended for, since Babcock, by his own admission, knew that the bank in which he was employed, and in which he saw fit to deposit the public money, was, on the 31st day of December, and even prior to that timé, to use his own language, “having a hard time.”
3. It is further contended on behalf of appellants that under section 6639, R. S., it is made the duty of treasurers of towns and cities to keep all money in their hands belonging to the municipal corporation in such a place of deposit as may be designated by ordinance. It is not contended that the city of Rocky Ford had by ordinance designated any place of deposit for the city funds. Indeed, it is admitted by the pleadings that the council had not done so. We are not impressed with 'appellant’s contention that the word “may,” in the aforesaid section, is equivalent to “must” or “shall.” It is our opinion that under the statute the city council had the right of election as to whether it should designate the depositary for the treasurer, and thus take the risk of relieving him and his bondsmen from liability in case the depositary should fail, or of holding the treasurer as an insurer and declining to make the designation. The mere fact, if it be a fact, as contended on behalf of appellants, that the city had, at the time Babcock was chosen treasurer, and continued thereafter to have, large sums of money deposited in the State Bank of Rocky Ford, in the form of special interest-bearing deposits, does not amount to a designation by the council of said city of said bank as a depositary for its funds, and imposed no duty upon the treasurer to deposit all other funds there. There is no attempt in this case to hold the city treasurer liable on account of these special deposits. The terms and conditions under which they were made are not disclosed by the abstract, but it is disclosed, as we have already *318 pointed, ont, that no ordinance had been passed designating the bank as a city depositary.
Decided December 8, A. D. 1913.
Rehearing denied January 12, A. D. 1914.
The judgment of the trial court in favor of the city and against appellants is affirmed. 1

Judgment Affirmed.